UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Christopher H. Manley
A075-959-399
          Plaintiffs,

  - against -                             Civ. No. _____

**JOHN KERRY**, Secretary of State of the United     **COMPLAINT**
States; **JEH JOHNSON**, Secretary of the United
States Department of Homeland Security, United States
Citizenship and Immigration Services;
**LEON RODRIGUEZ**, Director of the
United States Department of Homeland Security,
United States Citizenship and Immigration Services;
**PHYLLIS COVEN**, New York District Director of the
United States Citizenship and Immigration Services;
and the **UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES**

          Defendants.
-------------------------------------------------------------X

Plaintiff, Christopher H. Manley, through his attorneys, BRETZ & COVEN, LLP, hereby allege, upon information and belief, as follows:

### I. INTRODUCTION

1.      This is a civil action brought by the Plaintiff to compel the Defendants of the United States Department of Homeland Security ("DHS"), United States Citizenship and Immigration Services ("USCIS"), and those acting under it, to take action on the I-485 application denial dated April 25, 2015. The Defendants and those acting under it have failed to refer his denial to the Immigration Court so that he may renew his application before an Immigration Judge. This action is to compel the DHS, USCIS to take action by referring the

Plaintiffs' I-485 to the Immigration Court so that he may have a *de novo review* of the denial by an Immigration Judge pursuant to 8 C.F.R. § 245.2(a)(5)(ii).

## II. JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction).  Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Court has jurisdiction under 28 U.S.C. § 1331, because this action arises under the Administrative Procedure Act ("APA") (5 U.S.C. § 555(b)), the INA and regulations implementing it (Title 8 of the Code of Federal Regulations ("C.F.R.")).  In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action arises under 28 U.S.C. § 2201, and seeks a declaration of the rights of the Plaintiff.

3.      This Court has jurisdiction over this action under the Administrative Procedure Act ("APA").  The APA requires the USCIS to carry out its duties within a reasonable time.  The provision of the APA that provides this is 5 U.S.C. § 555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or her representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  The DHS, USCIS is subject to 5 U.S.C. §555(b).  In addition, the APA authorizes district courts to review any federal administrative action which "adversely affects or aggrieves" an individual.  5 U.S.C. § 702.  The APA empowers district courts to compel agency action unreasonably delayed.  See 5 U.S.C. § 706.  The DHS as an administrative agency, is subject to both 5 U.S.C. § 702 and 5 U.S.C. § 706.  Plaintiff contends that he has been "aggrieved" by the Defendants' unreasonable delay in referring his case to the Immigration Court.

4.	This Court also has jurisdiction under 28 U.S.C. § 1361, which states that "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Both the regulations and the INA provide numerous examples of duties owed by the USCIS in the adjustment of status process.  The Code of Federal Regulations further provides that ". . . . the applicant, if not an arriving alien, retains the right to renew his or her application in proceedings under 8 C.F.R. part 240."  8 C.F.R. § 245.2(a)(5)(ii).

### III.  VENUE

5.	Venue of this action is proper under 28 U.S.C. § 1391(e)(3).  Plaintiff is filing the Complaint in the district where he resides.

### IV. PARTIES

6.	Plaintiff, Chrirstopher H. Manley, is a native and citizen of Jamaica. Plaintiff has filed applications for adjustment of status on three separate occasions. Each application has been denied on a legal ground. None of the applications have been referred to the Immigration Court, which would allow him to exercise his right to have an Immigration Judge review the denial and issue a decision. Plaintiff has requested that his case be forwarded to the Immigration Court on separate occasions, but USCIS has ignored his requests.

7.	Defendant John Kerry is sued in his official capacity.  He is charged with the duty of administration and enforcement of all the functions of the Department of State.

8.	Defendant Jed Johnson is sued in his official capacity.  He is charged with the duty of administration and enforcement of all the functions of the DHS.

9.	Defendant Leon Rodriguez is sued in his official capacity.  He is the Director

of the DHS, USCIS. As such he is charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS.

10. Defendant Phyllis Coven is sued in her official capacity. She is the New York District Director of USCIS. As such, she is the DHS's designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of the USCIS local office.

11. Defendant USCIS is the agency within the Department of Homeland Security charged with adjudicating applications for adjustment of status.

## V. EXHAUSTION

12. Plaintiff has exhausted all of his administrative remedies. The Plaintiff, through counsel as fully detailed below, has contacted USCIS as recently as October 15, 2015 and has not received any response regarding this matter. Since Plaintiff cannot compel the DHS, USCIS to take action other than through the instant action, there are no further remedies for him to exhaust.

## VI. FACTS

13. Plaintiff is a citizen of Jamaica who arrived to the United States on March 28, 1997.

14. On February 12, 1998, Plaintiff was arrested in Newport County, Rhode Island and charged with violating Section 21-28-4.01.2(A)(5) and 21-28-4.01(A)(2)(a) of the General Laws of Rhode Island. On October 7, 1998 the stated charges were dismissed against the Plaintiff after the Criminal Court Judge found that the police officer was not credible.

15. On August 22, 2011, Plaintiff married his U.S. citizen wife, Arlene Manley.

16.     On September 12, 2011, Plaintiff's wife filed an I-130 relative petition on his behalf. Along with the I-130 petition, plaintiff jointly filed an I-485 application for adjustment of status.

17.     On March 22, 2012 the I-130 visa petition was denied.

18.     On December 3, 2012, the I-485 application for adjustment of status was denied. USCIS found that they had a reason to believe that Plaintiff was a trafficker of controlled substances based on his 1998 arrest. The application was also denied on discretion.

19.     Upon information and belief, Plaintiff reapplied for adjustment of status in 2013. Said application was denied on April 24, 2014. Plaintiff subsequently filed a motion to reconsider with USCIS. Said motion was denied on July 2, 2014.

20.     On November 24, 2014, Plaintiff filed an I-485 application for adjustment of status. On April 14, 2015, plaintiff and his wife were interviewed at USCIS. On April 25, 2015, USCIS denied the application for adjustment of status based on the same reasoning as the other denials.

21.     The decision dated April 25, 2015 provided that plaintiff "will have an opportunity to renew his application for adjustment of status and/or to request any other relief that may be available in removal proceedings before an Immigration Judge" pursuant to Title 8, Code of Federal Regulations section 245.2(a)(5)(ii).

19.     On October 25, 2015, Plaintiff submitted a request to the District Director of USCIS, New York Field Office. Plaintiff requested that his case be forwarded to the Immigration Court so that he may renew his application in front an Immigration Judge as indicated in the denial letter.

20. The USCIS has not forwarded plaintiff's case to the Immigration Court so that he may obtain a *de novo review* of the denial. It is evident that the USCIS has unreasonably and without explanation placed the Plaintiff's I-485 on an indefinite hold leaving him in administrative limbo.

## VII. CAUSE OF ACTION

### COUNT ONE

(Unreasonable Delay in Forwarding the Denied Adjustment of Status Application to Immigration Court)

25. The allegations contained in paragraphs 1 through 24 above are repeated and re-alleged as though fully set forth herein.

26. The Plaintiff has complied with all of the requirements for seeking adjustment of status.

27. The Defendants have unreasonably delayed in referring Plaintiff's application to the Immigration Court.

28. The Defendants have failed to provide a reasonable explanation for the delay or refusal.

29. The unreasonable delay or refusal is not attributable to the Plaintiff since he has explicitly requested that the denied application be forwarded to the Immigration Court.

30. No other remedy exists to resolve Defendants' delay or refusal.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court to grant the following relief:

(1) Issue an Order compelling the Defendants to forward Plaintiff's application to the Immigration Court.

(2) Grant attorney's fees and costs of court;

(4) Grant any other and further relief that this Honorable Court may deem just and proper.

Dated: New York, New York
January 26, 2016

    Respectfully submitted,
    BRETZ & COVEN, LLP
    305 Broadway, Suite 100
    New York, NY 10007
    (212) 267-2555

    /s/Eileen Collins Bretz
    Eileen Collins Bretz
    (ECB 7969)
    Attorney for the Plaintiff

## **VERIFICATION**

Eileen Collins Bretz, under penalty of perjury, states the following:

1. That I am an attorney admitted to practice before this Court. I am employed at Bretz and Coven, LLP, the attorney for the Plaintiff in the foregoing Complaint.

2. I affirm the truth of the contents of the foregoing Complaint upon information and belief. The sources of my information and belief are documents provided to me by, and conversations with, the Plaintiff.

Dated: New York, NY
January 26, 2016

                                               /s/Eileen Eileen Bretz
                                               Eileen Collins Bretz
                                               (ECB 7969)
                                               Attorney for the Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Christopher H. Manley
A075-959-399
                Plaintiffs,

    - against -                                   Civ. No. _____

JOHN KERRY, Secretary of State of the United      COMPLAINT
States; JEH JOHNSON, Secretary of the United
States Department of Homeland Security, United States
Citizenship and Immigration Services;
LEON RODRIGUEZ, Director of the
United States Department of Homeland Security,
United States Citizenship and Immigration Services;
PHYLLIS COVEN, New York District Director of the
United States Citizenship and Immigration Services;
and the UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES

                Defendants.
-------------------------------------------------------------X
_____

**COMPLAINT**

_____

Eileen Collins Bretz
Bretz & Coven, LLP
Attorney for the Plaintiff
305 Broadway, Suite 100
New York, NY 10007
Phone: (212) 267-2555
Fax: (212) 267-2129
_____

-9-